## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO M. CHATMAN )
)
        Plaintiff, )
)
      v. )     Civil Action No. 3:02-227J
)
CITY OF JOHNSTOWN, )
PENNSYLVANIA and OFFICER )
MICHAEL S. PAGE, )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

GIBSON, J.

      This case comes before the Court on Defendants City of Johnstown (hereinafter the "City")

and Police Officer Michael S. Page's (hereinafter "Officer Page") (collectively "Defendants")

Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire (Document No. 63).

Upon consideration of Defendants' motion, Antonio M. Chatman's (hereinafter "Plaintiff")

Response to Defendants' Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire,

and based upon relevant case law, the Court shall grant in part and deny in part the Defendants'

motion for the following reasons.

### PROCEDURAL BACKGROUND

      The parties in the case *sub judice* are well aware of the procedural history giving rise to the

above-captioned civil action. *See* Court Memorandum Opinion and Order, dated August 6, 2004

(Document No. 42) which granted summary judgment in favor of both Defendant Page and City

of Johnstown on Plaintiff's federal cause of action pursuant to 42 U.S.C. § 1983;[1] and Court

---

[1] On May 13, 2005, the Court of Appeals held that a "genuine issue of material fact precluded summary judgment in favor of [Officer Page]," and that the City of Johnstown "did not act with deliberate indifference consistent with an official policy in allegedly failing to adequately train [the] police dog", Obi. *Chatman v. City of*

Memorandum Opinion and Order, dated August 31, 2005 (Document No. 58) whereby the Court determined that pursuant to 28 U.S.C. § 1367, the Court would exercise supplemental jurisdiction over the Plaintiff's remaining state law claims against both Defendant Page and the City of Johnstown. Consequently, a jury sitting in the United States District Court for the Western District of Pennsylvania shall be the ultimate fact-finders for the Plaintiff's following claims: (1) Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that while acting under color of state law, Defendant Officer Page violated the Plaintiff's Fourth Amendment rights; (2) Plaintiff's state law claim against Defendant Officer Page for assault and battery; (3) Plaintiff's state law claim against Defendant Officer Page for negligence; and (4) Plaintiff's state claim against the City of Johnstown for negligence pursuant to the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S.A. § 8542, *et seq.*[2]

On September 7, 2005, the Defendant' filed a Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire (Document No. 63). Thereafter, on October 27, 2005, the Plaintiff filed a Response to Defendants' Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire (Document No. 70) requesting that the Court grant Plaintiff the opportunity to present Attorney Lazzari as a fact witness and a legal expert.

The Court observes that in order to address Defendants' motion and Plaintiff's response,

---

*Johnstown, PA*, 131 Fed.Appx. 18 (3d Cir. 2005). Accordingly, the Plaintiff's section 1983 action against Officer Page survives summary judgment; however, the section 1983 claim against the City of Johnstown has been foreclosed.

[2]In order to accurately reflect Plaintiff's claims as pled in Plaintiff's Amended Complaint, the remaining claims were identified by the Plaintiff as follows: **Count I**: Plaintiff's federal claim pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging that while acting under color of state law, Defendant Officer Page violated the Plaintiff's Fourth Amendment rights; **Count III**: a state claim against Defendant Officer Page for assault and battery; **Count IV**: a state claim against Defendant Officer Page for negligence; and **Count VII**: a state claim against the City of Johnstown for negligence. (Document Nos. 26 & 28).

the Court must also include relevant facts which occurred prior to the date that the Plaintiff filed the above-captioned civil action on July 19, 2002.

On October 26, 2001, the Plaintiff entered a plea of guilty in state court to the charges of flight to avoid apprehension and resisting arrest. (Document No. 63). At the change of plea hearing, the Plaintiff was represented by Attorney Lazzari, a member of the Cambria County Public Defender's Office. *Id.* These charges related to the events that surrounded the Plaintiff's arrest by Officer Page on August 14, 2001 upon which the case *sub judice* is based. *Id.*

On April 19, 2004, the Plaintiff identified Attorney Lazzari as an "expert legal witness" in Plaintiff's Supplemental Pre-Trial Memorandum. (Document No. 30).

On June 9, 2004, during a status conference the Plaintiff represented to the Court that the Plaintiff intended to call Attorney Lazzari as a fact witness regarding the circumstances surrounding Plaintiff's guilty plea. (Document No. 63). Consequently, the Defendants have filed a Motion in Limine to Preclude the Testimony of Attorney Lazzari. *Id.*

**DISCUSSION**

The Defendants assert in their motion that the Plaintiff should be barred from eliciting the testimony of Attorney Lazzari. (Document No. 63). Specifically, the Defendants allege that as a matter of judicial estoppel Plaintiff is precluded from asserting an inconsistent position at trial with a position he previously took when he entered a plea of guilt to charges of resisting arrest and flight to avoid apprehension. *Id.* Defendants also allege that her testimony will likely "confuse the issue, mislead the jury, and waste time". *Id*; Federal Rule of Evidence 403.

In response, the Plaintiff argues that the "purpose of Attorney Lazzari's testimony is to explain why the Plaintiff entered his guilty plea per the incident which led to this civil action."

3

(Document No. 70). The Plaintiff also states that Attorney Lazzari will testify "as a legal expert to explain the grading of certain crimes per the Pennsylvania Crimes Code." *Id.* Furthermore, the Plaintiff asserts that "[n]one of the issues in the Sec. 1983 claim have been determined in the state criminal proceeding . . . ."; nor has "the Plaintiff taken any action which would justify judicial estoppel of Attorney Lazzari's testimony." *Id.* In fact, the Plaintiff claims that he "is not taking a position which is inconsistent with an earlier position, nor is the Plaintiff misleading this Court or" the state court. *Id.* Rather, the Plaintiff indicates that the "impetus of Attorney Lazzari's testimony is the rationale behind the entry of the plaintiff's guilty plea per the criminal charges relating to the incident which resulted in this civil action." *Id.*

## A.    Judicial Estoppel

The Court observes that the doctrine of judicial estoppel "is an equitable doctrine which precludes a party from assuming a position in a legal proceeding that contradicts or is inconsistent with a previously asserted position." *Malascalza v. National R.R. Passenger Corp.,* 1996 WL 159650, *3 (D.Del. 1996)(*citing Delgrosso v. Spang & Co.,* 903 F.2d 234, 241 (3d Cir. 1990)).[3]

---

[3]The Court believes it is noteworthy to briefly highlight some of the distinctions among judicial estoppel, equitable estoppel, claim preclusion ("formerly denominated res judicata), and issue preclusion (formerly labeled collateral estoppel)". *Malascalza,* 1996 WL at *3. Specifically, judicial estoppel focuses on "the connection between the litigant and the judicial system . . ." *Oneida Motor Freight, Inc. v. United Jersey Bank,* 848 F.2d 414, 419 (3d Cir. 1988)(quoted in *Montrose Medical Group Participating Savings Plan v. Bulger,* 243 F.3d 773, 779 n. 3 (3d Cir. 2001)). Judicial estoppel is also concerned "with protecting the integrity of the courts". *Montrose,* 243 F.3d at 779 n. 3. In order to invoke a claim of judicial estoppel, a party is not required to demonstrate that privity and detrimental reliance exist. *Id.* A party is also not required to show that the underlying issue was actually litigated. *Id (citing Witkowski v. Welch,* 173 F.3d 192, 198-99 (3d Cir. 1999)). However, a party must meet three requirements "before a district court may properly apply judicial estoppel." *Montrose,* 243 F.3d at 779; see above, Memorandum Opinion and Order, p. 4.

Alternatively, equitable estoppel focuses on the relationship between the parties to the prior litigation." *Oneida Motor Freight, Inc.,* 848 F.2d at 419 (quoted in *Montrose, supra*). In order to assert a claim of equitable estoppel a party must demonstrate that privity and detrimental reliance exist. *Montrose,* 243 F.3d at 779 n. 3.

Claim preclusion and issue preclusion "focus on the effect of a final judgment on a party's ability to relitigate a matter which was essential to the judgment . . . ." *Malascalza,* 1996 WL at * 3 (*quoting AFN, Inc. v. Schlott, Inc.,* 798 F.Supp. 219, 223 (D.N.J. 1992)). Specifically, issue preclusion "is used to protect the finality of judgments and to conserve judicial resources. . ." *Montrose,* 243 F.3d at 779 n. 3 (*citing Dici v. Pennsylvania,* 91 F.3d 542, 547 (3d

In order to impose the doctrine of judicial estoppel, a district court must find that a party has met the following three requirements:

> First, the party to be estopped must have taken two positions that are irreconcilably inconsistent. *See Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 261 (3d Cir. 1996). Second, judicial estoppel is unwarranted unless the party changed his or her position 'in bad faith--i.e., with intent to play fast and loose with the court.' *Id.* Finally, a district court may not employ judicial estoppel unless it is 'tailored to address the harm identified' and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. *Klein v. Stahl GMBH & Co. Maschinefabrik*, 185 F.3d 98, 108 (3d Cir. 1999).

*Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 779 (3d Cir. 2001).

Noticeably absent from the requirements for asserting judicial estoppel is that an issue must be actually litigated in a prior proceeding, or that the party asserting judicial estoppel must meet a mutuality requirement. "One reason for these differences is that judicial estoppel is a matter of federal law, not state law, *see Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 n. 3 (4th Cir. 1982), especially when the court's jurisdiction is based on the presence of a federal question rather than the diversity of the parties." *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir. 1996). Thus, "judicial estoppel may apply in a particular case 'where neither [issue preclusion] nor equitable estoppel . . . would apply'." *Id (quoting Allen*, 667 F.2d at 1166-67); *see also* Mark J. Plumer, Note, *Judicial Estoppel: The Refurbishing of a Judicial Shield*, 55 Geo. Wash.L.Rev. 409, 435 (1987)("Judicial estoppel is properly defined as a bar against the alteration of a factual assertion that is inconsistent with a position sworn to and benefitted from in an earlier proceeding.")(quoted in *Lowery*, 92 F. at 223).

---

Cir. 1996). Moreover, a party may not assert a claim of issue preclusion "unless the underlying issue was actually litigated . . ." *Montrose*, 243 F.3d at 779 n. 3 (*citing Witkowski, supra*).

5

1. **State Court Proceeding and Federal Court Proceeding**

As a threshold matter, the Court must determine whether the position asserted by the

Plaintiff during the state court proceeding is inconsistent with the proffered testimony of Attorney

Lazzari. Specifically, the Court observes that during the state court proceeding (Document 64,

Exhibit F, Plea/Sentence Transcript), the Plaintiff entered a plea of guilty to a charge of resisting

arrest, 18 Pa.C.S.A. § 5104, and to a charge of flight to avoid apprehension, 18 Pa.C.S.A. § 5126.[4]

At the plea hearing, counsel from the District Attorney's Office in Cambria County recited the

facts upon which the two charges were predicated:

> This was an incident that occurred on August 14 of 2001, several officers
> from the Johnstown Police force were involved in this matter. One officer spotted
> the Defendant near the bus transit center on Main Street in the City of Johnstown.
> When he was spotted he began to run. A chase pursued, he was wanted for warrants
> and the police knew that. A chase pursued through the City of Johnstown. At one
> point Officer Michael Page saw the Defendant go through a walkway between two
> buildings on Franklin Street, he is a K-9 patrol officer, he removed his dog and
> yelled to the Defendant stating, stop, stop, or I'll unleash my dog.
> The Defendant continued to run at which point he did unleash the dog.
> When the officer got through the alley, he saw the Defendant on a dumpster and the
> dog below. He assisted the Defendant off of the dumpster at which point the
> Defendant continued to resist arrest and the dog in the process injured him by biting
> him about the face and head and then it ended.

(Document 64, Exhibit F, Plea/Sentence Transcript, pp. 5-6). Thereafter, the state court

established on the record that the Plaintiff knowingly and voluntarily entered into a plea of guilty

---

[4] 18 Pa.C.S.A. § 5104 provides: "A person commits a misdemeanor of the second degree if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means of justifying or requiring substantial force to overcome the resistance."

18 Pa.C.S.A. § 5126 provides:
(a) Offense defined. -- A person who willfully conceals himself or moves or travels within or outside this Commonwealth with the intent to avoid apprehension, trial or punishment commits a felony of the third degree when the crime which he has been charged with or has been convicted of is a felony and commits a misdemeanor of the second degree when the crime which he has been charged with or has been convicted of is a misdemeanor.

as to the charges of resisting arrest and flight to avoid apprehension. *Id.* at p. 7.

In Plaintiff's federal civil action, the Plaintiff's position is that Officer Page violated his right to be free from unreasonable seizure and excessive force. (Document Nos. 28 & 26). Specifically, the Plaintiff asserts that Officer Page's conduct demonstrates the use of excessive force in that the Plaintiff received multiple bite wounds from a K-9 police dog during Officer Page's attempt to effect an arrest. In order to prevail on his federal claim, the Plaintiff will have to establish that Officer Page's use of force was objectively unreasonable "under the 'facts and circumstances of [the] particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Neeley v. Samis*, 183 F.Supp.2d 672, 67 (D.Del. 2002)(quoting *Graham v. Connor*, 409 U.S. 386, 396,109 S.Ct. 1865, 1870-1871 104 L.Ed.2d 443, 57 USLW 4513 (1989).

The Defendants opine that the Plaintiff's current position in the federal arena is inconsistent with his state court hearing. Specifically, the Defendants argue that the Plaintiff intends to argue "that he did not attempt to elude the police or prevent Officer Page from effecting his lawful arrest . . ." (Document No. 64, p. 3). Conversely, the Plaintiff asserts that the "Plaintiff is not taking a position which is inconsistent with an earlier position . . ." (Document No. 70, p. 4). In fact, the Plaintiff alleges that the purpose of attorney Lazzari's testimony is twofold: (1) to explain the rationale behind the entry of the Plaintiff's plea of guilt; and (2) to testify as a "legal expert to explain the grading of certain crimes per the Pennsylvania Crimes Code." *Id.* at 2.

The Court observes that based upon the Plaintiff's representations to the Court, the Plaintiff does not intend to argue an inconsistent position during the federal court proceeding. Specifically,

7

the Plaintiff's present position regarding the circumstances of his guilty plea is not contradictory

to the position that he took when he pled guilty. During his guilty plea hearing, the Plaintiff

admitted that he resisted arrest by Officer Page, and he was found guilty of a misdemeanor of the

second degree. Additionally, the Plaintiff admitted that he attempted to flee to avoid apprehension,

and he was found guilty of a misdemeanor of the second degree on that charge.

The Plaintiff's present request to have Attorney Lazzari testify does not appear to address

the factual circumstances regarding Plaintiff's attempt to evade arrest on August 14, 2001; rather,

the Plaintiff indicates that she will testify regarding the factual circumstances surrounding *why* the

Plaintiff determined to accept responsibility for these two criminal charges. Indeed, the Plaintiff

does not suggest in his Response to Defendants' Motion in Limine that he seeks to adopt a position

that is inconsistent with the state court proceeding; more precisely, the Plaintiff wants to explain

"the rationale behind the entry of the Plaintiff's guilty plea per the criminal charges . . ."

(Document No. 70, p. 4). Accordingly, the Court determines that the first criteria under the Third

Circuit framework, which was reiterated in *Montrose, supra*, has not been met in order for the

Court to properly apply the equitable doctrine of judicial estoppel; therefore, Attorney Lazzari's

testimony will not be precluded based upon the doctrine of judicial estoppel.

The Court next addresses Defendants' claim that Attorney Lazzari's testimony should be

excluded pursuant to Federal Rule of Evidence 403.

**B.    Federal Rule of Evidence 403**

Initially, the Court observes that the admission of the Plaintiff's guilty plea is not at issue

in the present motion; rather, the admission of testimony to explain the reasons for the plea of

guilty is the issue disputed between the parties. The Defendants argue that Attorney Lazzari's

8

testimony will mislead the jury and cause confusion of the civil issues before the Court in this federal civil action. (Document No. 64). Conversely, the Plaintiff asserts that Attorney Lazzari's testimony will not mislead the jury or the Court; instead, her testimony will explain factual circumstances regarding the guilty plea, and her testimony will provide expert legal analysis to assist the jury. (Document No. 70).

Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. Thus, based upon the text of Rule 403, "otherwise relevant and admissible evidence may only be excluded if the probative value of the evidence is substantially outweighed by its prejudicial effect." *U.S. v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664 (3d Cir. 2000). Accordingly, the Court must determine whether Attorney Lazzari's testimony is relevant and admissible for the purpose(s) it is being offered, i.e., to explain why the Plaintiff entered a plea of guilt.

Federal Rule of Evidence 401 provides as follows:

> **Definition of Relevant Evidence.**--'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed.R.Evid. 401. Rule 402 further provides:

> **Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.**--All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

9

Fed.R.Evid. 402. Reviewing these Federal Rules of Evidence, the Court reiterates that the Plaintiff does not attempt to argue for or against the admissibility of the Plaintiff's plea of guilty;[5] in fact, it appears to the Court that the crux of Defendants' motion is whether the testimony of Attorney Lazzari is relevant such that any explanation of Plaintiff's decision to enter a plea of guilty would tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 403.

Based upon this Court's determination that the Plaintiff's guilty plea in the prior state court proceeding is admissible in this federal civil action, *see* n. 5, *supra*, the Court finds that the Plaintiff has not sufficiently set forth the relevance of Attorney Lazzari's testimony such that it would aid the trier of fact in making determinations regarding whether Officer Page and the City of Johnstown violated the Plaintiff's federal and state rights. In fact, explanations as to why a criminal defendant would enter a plea of guilt go directly to legal issues of voluntariness of a waiver to proceed to trial, or voluntariness of entering a plea agreement. Such issues are not before the Court; consequently, granting testimony that would explain the reason(s) why the Plaintiff entered into a plea of guilt in the prior state court proceeding would  mislead the jury in that they

---

[5]The Court observes that under "Pennsylvania law, a conviction from a guilty plea is equivalent to a conviction from a trial-by-jury." *DiJoseph v. Vuotto*, 968 F.Supp. 244, 247 (E.D. Pa. 1997)(citing *Commonwealth v. Mitchell*, 517 Pa. 203, 535 A.2d 581, 585 (1987)). Moreover, "[o]perative facts necessary for criminal convictions are admissible as conclusive facts in civil suits arising from the same events and circumstances." *DiJoseph*, 968 F.Supp. at 247 (citing *Folino v. Young*, 523 Pa. 532, 568 A.2d 171, 172 (1990)).

In the case *sub judice*, the Plaintiff pled guilty to resisting arrest and  flight to avoid apprehension. The factual basis upon which the Plaintiff pled guilty to both of these charges plainly state that the Plaintiff understood the facts surrounding the event of August 14, 2001, (Document No. 64, Exhibit F/Plea/Sentence Transcript, p. 7), and that by pleading guilty the Plaintiff "admit[s] that [he] resisted arrest and . . . went in flight to avoid apprehension." *Id.* at p. 7. The facts included in the record "are the operative facts--the necessary facts--upon which [the Plaintiff's] guilty plea rests and which [the Court] must accept as conclusively established for purposes of [the Plaintiff's] present law suit." *DiJoseph*, 968 F.Supp. at 247. Accordingly, the Court observes that the Plaintiff's guilty plea is an "operative fact[]" of the Plaintiff's "criminal convictions arising from the same events and circumstances" and the plea is admissible in this subsequent federal civil trial. *Id.*

may consider issues that are not before the Court in this federal civil action. The Court also determines that allowing Attorney Lazzari to testify would also confuse issues of criminal conduct and issues of civil liability. Furthermore, the production of the transcript of the Plaintiff's Plea/Sentence Hearing in the state court proceeding is certainly the best of evidence of whether the Plaintiff understood the factual circumstances surrounding his plea of guilt; therefore, any testimony attempting to explain what the Plaintiff understood at that time would lead to the "needless presentation of cumulative evidence." Fed.R.Evid. 403. Accordingly, the Court determines that based upon the guiding principles set forth in Federal Rules of Evidence 401, 402 and 403, the Plaintiff has failed to demonstrate both the relevance of Attorney Lazzari's testimony and that the probative value (if any) of Attorney Lazzari's testimony is not substantially outweighed by the danger of unfair prejudice, which would result from the confusing issues which would ultimately mislead the jury. Therefore, based upon the record in the case *sub judice*, relevant case law, and the Federal Rules of Evidence, the Court determines that Attorney Lazzari may not testify as to the facts surrounding why the Plaintiff entered into his plea of guilt during the prior state court proceeding; accordingly, the Defendants' Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire is granted in part.

**C.    Federal Rule of Evidence 702**

In consideration of Plaintiff's proffer that Attorney Lazzari's testimony would be offered as an expert witness to explain the "grading of certain crimes per the Pennsylvania Crimes Code", the Court briefly reviews the standard for the admission of expert testimony pursuant to Federal Rule of Evidence 702.

Pursuant to Rule 702, a district judge must initially determine under Rule 104(a) "whether

11

the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Next, the district judge "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589.

Based upon the Plaintiff's cursory proffer of Attorney Lazzari's testimony as an expert witness, the Court finds that the Plaintiff has failed at this procedural posture to demonstrate the relevance of Attorney's Lazzari's testimony as they apply to the facts of the case *sub judice*. In particular, the Plaintiff does not establish the relevance of the grading of crimes in the Pennsylvania Crimes Code to the federal and state causes of action to be determined by the jury. However, the Court shall err on the side of caution and shall deny without prejudice Plaintiff's proffer of Attorney Lazzari as an expert witness. Accordingly, the Court shall grant without prejudice the Defendants' Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire with regard to Attorney Lazzari testifying as an expert witness.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTONIO M. CHATMAN )
)
        Plaintiff, )
v. )    Civil Action No. 3:02-227J
)
CITY OF JOHNSTOWN, )
PENNSYLVANIA and OFFICER )
MICHAEL S. PAGE, )
        Defendants. )

### ORDER

**AND NOW**, this 14th day of November, 2005, upon consideration of Defendants City of

Johnstown (hereinafter the "City") and Police Officer Michael S. Page's (hereinafter "Officer

Page") (collectively "Defendants") Motion in Limine to Preclude the Testimony of Lisa L. Lazzari,

Esquire (Document No. 63), and Antonio M. Chatman's (hereinafter "Plaintiff") Response to

Defendants' Motion in Limine to Preclude the Testimony of Lisa L. Lazzari, Esquire, and based

upon the record in the case *sub judice*, relevant case law, and the Federal Rules of Evidence, **IT**

**IS HEREBY ORDERED** that Court shall **grant** in part the Defendants' motion in that Attorney

Lazzari may not testify as to the factual circumstances surrounding the Plaintiff's plea of guilt in

a prior state court proceeding;

**IT IS FURTHER ORDERED** that the Court shall **grant** without prejudice the

Defendants' motion in limine concerning whether Attorney Lazzari may testify as an expert

witness in the case *sub judice*.

**BY THE COURT**:

United States District Court Judge
The Honorable Kim R. Gibson

cc:    All counsel of record.